Filed 4/23/25  P. v. McCloud CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICKY MCCLOUD,<br><br>    Defendant and Appellant. | A170706<br><br>(Solano County<br>Super. Ct. No. VCR190701) |

Defendant Ricky McCloud appeals from the trial court's decision denying his invitation to exercise its discretion to resentence him under Penal Code section 1172.1.  We dismiss the appeal for lack of an appealable order.

## BACKGROUND

In 2009, a jury convicted McCloud of second degree robbery (Pen. Code,[1] § 211; count 1) and assault with a firearm upon victim Maryann S. (§ 245, subd. (a)(2); count 2).  The following enhancements were also found true:  as to count 1, that McCloud personally and intentionally discharged a firearm, which proximately caused great bodily injury to victim Abraham A. (§ 12022.53, subds. (c), (d)), and as to count 2, that he personally used a firearm (§ 12022.53, subd. (b)).  In December 2009, the trial court sentenced

---

[1] Undesignated statutory references are to the Penal Code.

1

McCloud to 32 years, four months to life in prison, consisting of an indeterminate term of 25 years to life for discharging a firearm and causing great bodily injury under section 12022.53, subdivision (d), plus a determinate sentence of five years for count 1, one year for count 2, and one year, four months for the firearm enhancement associated with count 2.

In April 2024, McCloud filed an "Invitation to the Court for Resentencing Pursuant to Penal Code [section] 1172.1." Within the month, the filing was on the trial court calendar, along with other pending open matters pertaining to McCloud, including a case on for trial setting. The court noted that McCloud's attorney had "filed this motion" which the court identified as "an invitation to resentence" McCloud under section 1172.1. The prosecutor interjected that "[t]here's no such thing as an invitation," and what McCloud's counsel had done was make a motion under 1172.1 that "they're not entitled to make." McCloud's attorney acknowledged McCloud had "no independent right" to petition for resentencing under section 1172.1, but stated he was "trying to put the facts in front of the Court" and "inviting the Court to use its own discretion."[2] The prosecutor objected that prisoner requests for resentencing based on section 1172.1 should not even be calendared because "[t]hese are motions that they're not entitled to make and they're not invitations."

The trial court denied "the motion" without prejudice.

---

[2] Defense counsel argued, "the wave of ameliorative legislative actions . . . should result in cases like this, at a minimum, getting a second look." By "cases like this," he meant crimes that did not involve homicide that resulted in indeterminate life sentences pursuant to section 12022.53, although he acknowledged the statute "has not been taken off the books."

## DISCUSSION

McCloud's notice of appeal states he is appealing from the trial court's decision "declining to exercise its discretion in his favor pursuant to Penal Code [section] 1172.1." This is not an appealable order.

A. *Legal Principles*

    1.    Appealability

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159 (*Loper*).) Section 1237, which governs appeals by criminal defendants, permits appeal from a final judgment of conviction and, as relevant here, "any order made after judgment, affecting the substantial rights of the party." (§ 1237, subd. (b).)

    2.    The Resentencing Statute at Issue

"Section 1172.1 provides authority for a trial court to recall the sentences of incarcerated defendants and resentence them under certain circumstances. . . . [It] is a statutory exception to the general rule that ' "once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence." ' " (*People v. Hodge* (2024) 107 Cal.App.5th 985, 992 (*Hodge*).)

Under section 1172.1, a trial court may "recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced," on its own motion, "at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law."[3]

---

[3] Regarding subsequent changes to sentencing laws, when McCloud was sentenced in 2009, the firearm enhancements under section 12022.53

3

Section 1172.1 also permits resentencing in two other circumstances: on the court's own motion within 120 days of commitment and "at any time upon the recommendation of" specified correctional or law enforcement officers or administrators. (§ 1172.1, subd. (a).)

But criminal defendants have no right to seek resentencing under this statute. Subdivision (c) of section 1172.1 (§ 1172.1(c)) specifically provides: "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." Thus, section 1172.1(c) "expressly excuses the trial court from acting on any such request that a defendant might nevertheless file." (*Hodge*, *supra*, 107 Cal.App.5th at p. 993.)

B.      *Analysis*

Courts that have considered whether a trial court's decision declining a defendant's request to exercise its discretion to recall the defendant's sentence under section 1172.1 is appealable have concluded that it is not. (*Hodge*, *supra*, 107 Cal.App.5th at p. 991; *People v. Faustinos* (2025) 109 Cal.App.5th 687 [330 Cal.Rptr.3d 683], as modified (Apr. 3, 2025), rev. filed Mar 20, 2025, (*Faustinos*).) We find the courts' analysis in *Hodge* and *Faustinos* persuasive and agree with their conclusion.

In *Hodge*, the court relied on section 1172.1(c)'s second sentence that "the court is not required to respond" to a defendant's request for relief under the statute. The court reasoned: "[T]he second sentence of section 1172.1,

were mandatory, but effective January 2018, trial courts were granted "discretion to strike those enhancements" in the interest of justice pursuant to section 1385. (*People v. Lipscomb* (2022) 87 Cal.App.5th 9, 15–16 [before 2018, trial courts were prohibited from striking sentencing enhancements for firearm use required by sections 12022.5 and 12022.53].)

4

subdivision (c) . . . undermine[s] any claim that defendants have a substantial right at stake when they file an unauthorized request for resentencing. That sentence excuses the trial court from any responsibility to rule on such a request, or even to respond. It follows that a defendant who chooses to file an unauthorized request for resentencing has no *right* to a ruling. The defendants may have a liberty interest at stake in any decision as to whether they should remain incarcerated. But a defendant has no right to demand that the trial court actually make such a decision. If the defendant has no right to a decision, the trial court's choice not to make one does not deprive the defendant of any right, much less a substantial one." (*Hodge*, *supra*, 107 Cal.App.5th at p. 996.)

The *Hodge* court further observed: "A contrary holding would result in an unprincipled and arbitrary rule governing the appealability of trial court decisions on defendants' requests for relief under section 1172.1. . . . [A] trial court is not required to issue any order in response to a defendant's request for resentencing. If a trial court does nothing—in effect denying a defendant's request through silence—there will be no order for a defendant to appeal. However, if any order denying a defendant's request for resentencing under section 1172.1 is appealable, a trial court order simply informing a defendant that it intends to do nothing (such as the trial court issued here) would create a right to appeal. It seems unlikely that the Legislature intended such an irrational and arbitrary result." (*Hodge*, *supra*, 107 Cal.App.5th at p. 996.)

For his position that the trial court's denial of his invitation to exercise its discretion under section 1172.1 is an appealable order, McCloud relies on language from *Loper*, *supra*, 60 Cal.4th 1155, and *People v. Carmony* (2004) 33 Cal.4th 367 (*Carmony*). In *Carmony*, the California Supreme Court

5

addressed what standard of review applies when an appellate court reviews a trial court's decision not to exercise its discretion to strike a sentencing allegation under section 1385. (*Carmony*, at p. 371.) In the context of sentencing following a criminal conviction, the court observed: "A defendant has no right to make a motion, and the trial court has no obligation to make a ruling, under section 1385. But he or she does have the right to 'invite the court to exercise its power by an application to strike a count or allegation of an accusatory pleading, and the court must consider evidence offered by the defendant in support of his assertion that the dismissal would be in furtherance of justice.'" (*Id.* at p. 375.)

In *Loper*, the question presented was whether a defendant could appeal from a trial court's decision denying the Secretary of the California Department of Corrections and Rehabilitation's (CDCR) recommendation for compassionate release pursuant to section 1170, subdivision (e).[4] Our high court held that, "*when the proceeding is properly initiated* by prison or parole authorities *as required by law*, the trial court's decision produces an appealable order that may be appealed by the prisoner." (*Loper*, *supra*, 60 Cal.4th at p. 1158, italics added.) The *Loper* court cited prior decisions that demonstrated "a defendant may appeal an adverse decision on a

---

[4] When *Loper* was decided, section 1170, subdivision (e), provided that the Secretary of the CDCR and the Board of Parole Hearings were authorized to "recommend to the court that the prisoner's sentence be recalled," and the trial court was granted "the discretion to resentence or recall if the court finds" "[t]he conditions under which the prisoner would be released or receive treatment do not pose a threat to public safety," and either "[t]he prisoner is terminally ill . . ." or "[t]he prisoner is permanently medically incapacitated . . . ." (Former § 1170, subd. (e), as amended by Stats. 2014, ch. 612, § 2.) Section 1170, subdivision (e), currently provides that a trial "court may recall and resentence an incarcerated person pursuant to the compassionate release program set forth in Section 1172.2."

6

postjudgment motion or petition if it affects his substantial rights, even if someone else brought the original motion." (*Id.* at p. 1165.)

These cases do not support McCloud's position. In *Loper*, the CDCR properly initiated a sentencing recall proceeding pursuant to statute, but, in McCloud's case, no sentencing proceeding was properly initiated pursuant to statute. In *Faustinos*, *supra*, the Court of Appeal explained: "*Loper*, *supra*, 60 Cal.4th at p. 1158 held that a defendant could appeal from a post-judgment proceeding that was 'properly initiated' by government authorities rather than by the defendant. Here, in contrast, no proceeding had started. If the court *had* launched a proceeding by recalling the defendant's sentence, *Loper* indicates that the defendant could appeal from a later order. *Loper* does not render the order here appealable, as no entity had begun an authorized post-judgment proceeding." (*Faustinos*, *supra*, 109 Cal.App.5th at p. ___ [330 Cal. Rptr.3d at p. 689].) The *Hodge* court similarly distinguished *Loper*, noting, "Unlike the *authorized* CDCR request in *Loper*, Hodge's unauthorized request for the trial court to reconsider his sentence created no statutory obligation to act in this case." (*Hodge*, *supra*, 107 Cal.App.5th at p. 997, italics added.)

Nor does *Carmony* suggest the trial court's decision in this case is appealable. As the *Faustinos* court observed, "*Carmony* did not concern appellate jurisdiction. It arose in a direct appeal from a conviction and sentence. [Citation.] There is always *jurisdiction* for such an appeal. (§ 1237, subd. (a).)" (*Faustinos*, *supra*, 109 Cal.App.5th at p. ___ [330 Cal.Rptr.3d at p. 690].) "In contrast, whether the trial court determination here creates jurisdiction for a *post-judgment appeal* presents the different question of whether the defendant's substantial rights are affected by the category of order that the trial court has issued. (See § 1237, subd. (b).) There is no pre-existing jurisdiction for an appeal, so jurisdiction must be

7

created by the motion. But a defendant has no right to initiate a section 1172.1 resentencing and has no right to have the trial court do so. An appellate court has no basis to review a trial court's decision not to initiate one. There is no appellate jurisdiction here, even though in *Carmony* there was jurisdiction over the direct appeal. (See § 1237, subd. (a).)" (*Faustinos, supra,* 109 Cal.App.5th at p. ___ [330 Cal.Rptr.3d at pp. 690-691].) In short, *Carmony* does not suggest either that a trial court is obligated to entertain every unauthorized postjudgment request for resentencing a defendant makes or that the denial of such an unauthorized request is appealable.

## DISPOSITION

The appeal is dismissed.

_____
Miller, J.

WE CONCUR:

_____
Stewart, P. J.

_____
Richman, J.

A170706, *People v. McCloud*

8